# EXHIBIT
# "A"

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 50 2018 CA 003525 XXXX MB

RICHARD DOSS,
      Plaintiff,

Vs.

THE GEO GROUP;
FLORIDA DEP'T OF CORRECTIONS;
CORRECTIONAL CARE SOLUTIONS;
WARDEN, STINE;
ASSISTANT WARDEN, LAWRENCE;
DOCTOR JULES HELLER, M.D.
JONATHAN NASH, HEALTH SVCS. ADMIN.;
NURSE AMEDE, ARNP;
JOHN/JANE DOE, EXECUTIVE MEDICAL DIRECTOR,
TALLAHASSEE, FLORIDA
individually and in their official capacities,
      Defendant(s)
_____/

## DEFENDANTS', CORRECT CARE SOLUTIONS, LLC, JULES HELLER, AND NURSE AMEDE'S MOTION FOR EXTENSION OF TIME

COME NOW, the Defendants, CORRECT CARE SOLUTIONS, LLC (incorrectly named "Correct Care Solutions"), JULES HELLER, and NURSE AMEDE, by through counsel, hereby files their Motion for Extension of Time to file a responsive pleading to Plaintiff's First Amended Complaint and state as follows:

1.     The Defendants received Plaintiff's First Amended Complaint dated May 20, 2020, received by the undersigned on May 27, 2020 and filed with this Court on May 29, 2020.

2.     The Defendants require additional time in order to file a responsive pleading to the Plaintiff's First Amended Complaint referenced above.

3.     This Motion is not filed for the purposes of harassment, obstruction or delay, and the parties will not be prejudiced by the granting of this Motion.

WHEREFORE, the Defendants, CORRECT CARE SOLUTIONS, LLC, JULES HELLER, and NURSE AMEDE, respectfully requests this Court for an Order granting extension of time for the filing of a responsive pleading to Plaintiff's First Amended Complaint, and any such further relief as the Court deems necessary and just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via e-portal to Gregory A. Kummerlen, Esquire, Wiederhold, Kummerlen & Waronicki, P.A. Attorneys for GEO, Stine & Lawrence and a copy was furnished this 8th day of June 2020, by regular U.S. Mail to:

Richard Doss, DC# 921633
*pro se*
Santa Rosa Correctional Institution Annex
5850 East Milton Road
Milton, FL 32583-7914

Respectfully submitted,

BILLING, COCHRAN, LYLES
MAURO & RAMSEY, P.A.
Counsel for Defendants, Correct Care
Solutions, Jules Heller, And Nurse Amede
SunTrust Center, 6th Floor
515 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Tel: 954-764-7150
Fax: 954-764-7279
Jeffery R. Lawley
Florida Bar No. 596027
E-mail: jrl@bclmr.com

By: /s/ Jeffery R. Lawley, Esq.
        Jeffery R. Lawley, Esq.

8379/jlb

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 50 2018 CA 003525 XXXX MB AG

RICHARD DOSS,

      Plaintiff,

vs.

THE GEO GROUP, INC., FLORIDA DEPARTMENT OF CORRECTIONS; WARDEN STINE; ASSISTANT WARDEN LAWRENCE; JULES HELLER, MD; JONATHAN NASH, HEALTH SERVICES ADMINISTRATOR; NURSE AMEDE, ARNP; JOHN/JANE DOE EXECUTED MEDICAL DIRECTOR, TALLAHASSEE, FLORIDA, Individually and in their Official Capacities,

      Defendants.

_____/

## <u>DEFENDANTS' THE GEO GROUP, INC., WARDEN STINE and ASSISTANT WARDEN LAWRENCE MOTION FOR EXTENSION OF TIME</u>

COMES NOW the Defendants, THE GEO GROUP, INC., WARDEN STINE and ASSISTANT WARDEN LAWRENCE, by through counsel, hereby files their Motion for Extension of Time to file a responsive pleading to Plaintiff's First Amended Complaint and state as follows:

1.    The Defendants received Plaintiff's First Amended Complaint dated May 20, 2020, received by the undersigned on May 23, 2020 and filed with this Court on May 29, 2020.

2.    The Defendants require additional time in order to file a responsive pleading

Motion for Extension of Time
Doss v. The GEO Group, Inc., et al
Case No. 50 2018 CA 003525 XXXX MB AG
Page 2

to the Plaintiff's First Amended Complaint referenced above.

    3.    This Motion is not filed for the purposes of harassment, obstruction or delay, and the parties will not be prejudiced by the granting of this Motion.

    WHEREFORE, the Defendants, THE GEO GROUP, INC., WARDEN STINE and ASSISTANT WARDEN LAWRENCE, respectfully requests this Court for an Order granting extension of time for the filing of a responsive pleading to Plaintiff's First Amended Complaint, and any such further relief as the Court deems necessary and just.

    I HEREBY CERTIFY that a copy of the foregoing has been furnished via US Mail this 8th day of June, 2020 to: Richard Doss, DC #921633, Santa Rosa Correctional Institution Annex, 5850 East Milton Road, Milton, FL 32583-7914 and via the ePortal to Jeffrey Lawley, Esquire, Attorneys for Heller and Amede, Billing Cochran, PA, 515 E. Las Olas Blvd., Sixth Floor, Ft. Lauderdale, FL 33301..

                    WIEDERHOLD, KUMMERLEN & WARONICKI, P.A.
                    Attorneys for GEO, Stine & Lawrence
                    340 Columbia Drive, Suite 111
                    West Palm Beach, FL 33409
                    P.O. Box 3918
                    West Palm Beach, FL 33402
                    561/615-6775
                    561/615-7225 - Facsimile
                    Primary:    gkummerlen@wmrfla.com
                    Secondary:   jbarker@wmrfla.com

                    By:__s/Gregory A. Kummerlen_____
                        Gregory A. Kummerlen
                        FBN: 595691

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

RICHARD DOSS,                    CASE NO. 50-2018-CA 003525 XXX MB
          Plaintiff,
                                                DIVISION AG

v
THE GEO GROUP, INC.; CORRECTIONAL
CARE SOLUTIONS; FLORIDA DEPARTMENT
OF CORRECTIONS; DOCTOR JULES HELLER;
ARNP AMEDE; HEALTH Services ADMINISTRATOR
JONATHON NASH; WARDEN STINE; ASSISTANT
WARDEN OF Programs, LAWRENCE; ADA Coordinator
O'HARVEY; GRIEVANCE Respondents McMANUS; L. BOWDEN
and Secretary Julie Jones and MARK S. INCH,
          Defendants.

FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL

THE PLAINTIFF, RICHARD SCOTT DOSS ("DOSS") sues defendants
THE GEO GROUP, INC., ("GEO"); Correctional Care Solutions ("CCS")
Doctors Jules HELLER ("HELLER"); ARNP AMEDE ("AMEDE"); Health
Services administrator, Jonathon NASH ("NASH"); WARDEN STINE ("STINE")
Assistant WARDEN of Programs, LAWRENCE ("LAWRENCE"); ADA Coordinator
O'HARVEY ("O'HARVEY"); Grievance Respondents McMANUS ("McMANUS"); L. BOWDEN
("L. BOWDEN") and secretarys Julie Jones ("Jones") and MARK S. INCH ("INCH")
and alleges:

I. INTRODUCTION

1. This Complaint is based on Constitutional violations of delib-
erate Indifference ("DI") to DOSS' Serious Medical Needs ("SMN") for
injuries to his knees and rotator cuffs ("R/C") collectively Multiple torn

Rcvd 5/23/20.

USE ONLY
FOR LEGAL

("MTL"). The knee injuries resulted from slip and fall Martin County Jail 1/8/14, Doss had a SMN that was left unattended in the MCJ and continuing at South Bay Correctional Facility (SBCF") where it was also left unattended at SBCF and further left unattended at another GEO facility Graceville Correctional facility ("GRCF") twice and transferred from GRCF by AWP, Cloud because of this suit, Doss is incarcerated in the FDC where his injuries have further been left unattended at Santa Rosa Correctional Institution, with all of these issues of SMN of MTL left unattended they have posed and caused a substantial risk of serious harm to Doss' future health and safety which is continuing. These SMN of MTL left unattended were and continue to be based on cost saving measures. Over (6) six years later Doss started receiving referral to physical therapy ("PT") which happens to be six years too late, Doss has received injuries as the result of delay and denial of medical care that was left unattended posing a substantial risk of serious harm to future health and safety causing Doss to fall on cement floor over 70 times,

## II. PARTIES

2. Plaintiff, Richard Doss was at all times material to this action a resident of Palm Beach, County, incarcerated by the state of Florida and housed at SBCF, in South Bay, Florida.

3. Defendant, The GEO Group, Inc., a Florida Corporation and Private entity of Florida. They are in the business of housing prisoners for profit and involved in a joint venture with the Florida department of Corrections ("FDC") and have merged with Correctional Care Solutions. GEO has the co-responsibility of tending to Doss' SMN.

4. Defendant, CCS, a Florida Corporation at all times material hereto contracted with CCS to provide health care to prisoners at SBCF. They are a private entity of Florida.

5. Defendant, Doctor Jules Heller was at all times material hereto a physician licensed to practice medicine in the State of Florida. He was also the medical director for CCS and was employed by CCS at SBCF. He was charged with the responsibility of tending to Doss SMM of MTL. He is sued individually and official Capacity. He was also charged with providing appropriate medication for Doss chronic neuropathic pain ("CNP").

6. Defendant, Amede, was and still is a nurse practitioner at SBCF and employed by CCS, licensed to practice medicine in the State of Florida. She was also charged with the responsibility of tending to Doss' SMM of MTL and providing treatment for CNP. She is sued individually and in her official Capacity.

7. Defendant, Jonathon Nash was at all times material hereto the health services Administrator ("HSA") and responsible for administering health services to Doss and others at SBCF. He and Heller took Doss' wheelchair and exchanged it for a rollator.

8. Warden Stine was the Warden at SBCF and responsible for overall operations at SBCF including the proper management of appropriate and adequate services, programs or accessories ("SPA"), and ensuring Doss was provided intended benefits of federal financial assistance and was not intentionally discriminated ("ID") against or treated differently than similar situated individual inmates with disabilities ("IWD") or without disabilities ("IWOD"). He is sued individually and official capacities.

9. Defendant Lawrence was at all times material hereto the assistant Warden of programs ("AWP") and was responsible for

FOR LEGAL USE ONLY

ensuring that Doss and IWD within the meaning of ADA/RA were not discriminated against or prevented from benefiting from SPA at SBCF. He is sued individually and official capacity.

10. Defendant, Florida Department of Corrections ("FDC") is an entity of the State of Florida. They contracted with GEO for housing Doss and other prisoners at SBCF. They were also involved in a joint venture with GEO thus CCS. But were responsible for tending to Doss SMN OF MTL.

11. Defendant, ADA Cordinator O'Harvey was the ADA Coordinater for the FDC. She was responsible for tending to Doss' disability related needs but she denied all grievances filed by Doss. She is sued individually and official capacity.

12. Defendants, McManus, L. Bowden were grievance respondents who denied all of Doss medical nature and/or violation of ADA/RA. They are each sued individually and official capacity.

13. Defendants, Julie L. Jones and Mark S. Inch were or are both Secretarys of the FDC. They were responsible for promulgating policies ensuring Doss and other IWD or IWDD have their medical SMN tended to. They are each sued Individually and in their official capacity.

III. BACKGROUND and FACTUAL ALLEGATIONS

14. On July 31, 2014, Doss was sentenced to 78 months in the FDC by the state of Florida

15. He was transferred to (5) five different institutions before

— 4 —

arriving at SBCF on 10/28/18.

16. About 11/15/18, Doss began filing grievances as to medical nature and violations of ADA/RA because defendants were continuously abandoning his health care concerning his MTL that posed a substantial risk of serious harm to his future health and safety and substantially limited his major life activity ("MLA") to walk, stand, stoop, bend, lifting, caring for himself, ~~completing~~ performing manual tasks, eating, sleeping, thinking and concentrating.

17. GEO contracted to provide medical services and health care to inmates ("IM") at SBCF with CCS. They also merged with CCS in 2014.

18. HELLER, NASH, AMEDE, STINE, GEO, CCS, FDC, McMANUS, L. BOWDEN, O'HARVEY continuously denied Doss' request and grievances for ortho consult for his MTL. Their unattended medical needs posed a substantial risk of serious harm to Doss' future health and safety.

19. Doss fell (16) times at Tamoka with manual walker, 25-30 times at Charlotte CI when prescribed a cane when he was transferred without reasonable accommodation upon leaving Tamoka CI;

20. After falling an exceedingly amount of time Dr. Wetterer took over for Dr. Barrios at Charlotte and ordered a wheelchair.

21. Since Charlotte was not wheelchair accessible Doss was transferred to SBCF;

22. Because Doss was continuously being denied medical care for his SMN of MTL he began filing grievances

23. HELLER, NASH, LAWRENCE, STINE, FDC, O'HARVEY, McMANUS, L. BOWDEN and JONES intentionally discriminated against Doss and/or used bad faith, malicious intent or in a manner exhibiting a wanton and willful disregard for human rights, safety or property upon responding to grievances

— 5 —

FOR LEGAL
USE ONLY

by making false statements that he "does Not Qualify for ortho consult" because he did Not complete PT, or that he does "Not meet the criteria" for MRI of left R/C, left knee.

24. Doss received Negligent, gross Negligent or deliberately indifferent medical care while incarcerated at SBCF including the following:

a. repeated failures to properly tend to Doss smn of knee injuries or MTL of bilateral R/C tears and treatment for CNP which is continuing today,

b. repeated failures and refusals to provide access to qualified and adequate competent physicians capable of providing specialty care for Doss' injuries to knee and shoulder joints

c. falsely recording, misrecording and misreporting resulting in his present condition and continuous refusal to treat resulting in the lack of treatment to repair knees and shoulders.

25. The medical care provided by all defendants or lack thereof and those conspiring with them intended to pose a substantial risk of serious harm to his future health and safety causing numerous falls on cement flooring being disabled for life, wheelchair bound, unable to walk.

26. It took from 10/28/15 to 8/10/16, which is the date Doss finally saw Nurse practitioner Barosey for CCS and CCS employees Heller and Amede to refuse to tend to Doss smn of knees and shoulder injuries which were obvious medical needs creating his disabilities of being unable to walk,

27. The reason Doss could Not walk with assistance was because of bilateral R/C tears with left a complete tear Having to depend on those hands/arms/shoulders were incapatable with using any reasonable accommodation to assist in walking

28. Doss repeatedly put these defendants on Notice verbally and in writing but he was ignored by all defendants in making a deliberate choice to take an easier but less efficaeins course

-6-

of treatment by delaying this deny in medical attention which posed a substantial risk of serious harm which did cause a substantial risk of harm in falling numerous times on cement and causing Doss to be disable for life and unable to to work.

29. Before 4/14/20, while incarcerated at Santa Rosa C.I. Doss saw Nurse practitioner Allen who ordered physical therapy for Doss. On 4/14/20 Doss saw Mr Sanders a physical therapist. Doss was given some exercises to perform and even told to push someone in his wheelchair as PT.

30. Doss thanked Mr Sanders for his help but stated that this PT was about six (6) years too late. He further stated that this PT should have been perfected after surgery to repair these joint injuries. And that it was all about cost saving measures.

31. Mr Sanders did not disagree.

32. Doss even asked if Mr Sanders would be willing to testify to this Fact. Mr Sanders stated he has before and will probably be asked to again.

33. On 2/5/16, Doss was called to medical by HSA, Nash who had a walker with wheels and took Doss' wheelchair.

34. The taking of Doss' wheelchair was perfected for non medical reasons even though Nash, Heller, Stine, Lawrence, GEO, CCS, FDC, O'Harvey, McManus, L. Bowden, Jones were put on notice either verbally or in writing that the taking of wheelchair was based on complaints of being denied an aide to push his wheelchair and to assist him in his cell to keep it clean and to help him make his bed. Doss was ignored by all of above named defendants.

FOR LEGAL
USE ONLY

35. The taking of Doss' wheelchair and forcing Doss to have to rely on fully and partially torn PLC in order to support himself ~~XXXX XXXX XXX~~ caused him to suffer the unnecessary and wanton infliction of pain without penological justification,

36. The taking of Doss' wheelchair was perfected as to the following adverse action.

a. On 2/2/16, Doss requested reasonable accomodations of repairs to his chair of handlegrips, elbowrests or better chair, an aide to be moved into his cell to help with manual tasks of making bed, cleaning cell and toilet/sink and to push his chair,

b. requests were sent to classification Hodges and AW Hamilton who each responded that on 2/4/16, they had each spoken with HSA, Nash who stated he would be "responding momentarily" or "conducting a review."

c. Upon the taking of Doss' wheelchair Nash stated that it was to "improve mobility."

d. Doss replied that what would improve mobility would be to perfect surgery to repair significant injuries to knees/PLC,

e. The adverse consequences Doss suffered was falling at least (14) times at SBCF and (8) more times upon his transfer to Dade C.I, before being given back his chair by N.P. Rankin at Dade C.I,

-8-

37. Nurse practitioner Barosey reviewed Doss medical records and argued with Nurse Amede that Doss did complete PT and therefore did qualify for referral to ortho.

38. NP Barosey referred Doss to ortho and on 8/31/16, Doss saw Dr. Sama, WPB, who ordered or recommended MRI for left shoulder, left knee.

39. Dr. Sama also made the statement that he would not likely receive the surgery due to money constraints.

40. Doss did not receive the MRI until 12/16/16, while at Dade C.I. which revealed completely torn R/c and meniscus tear to knee.

41. As a direct and proximate result of Nash, Heller, Amede, Geo, CCS, FDC, O'Harvey, McManus, L Bowden and J. Jones acts or omissions or failures to act described in this complaint Doss was caused or continues to be caused the following damages:

a. Severe pain and suffering for an extended period of time causing aggravation of conditions they failed to tend to when Doss was brought to Heller four different occasions, Amede twice where Doss subsequently fell (14) times at SBCF, and (4) times housed in Non ADA Compliant Confinement cells. Specifically, M2106 (no grab bars) fell once, M3106, fell twice within 10 minutes, M1104, fell off toilet aggravating permanent deep bruise left hip, right elbow about one hour before installing grab bar around toilet. Doss fell trying to push button to flush which was exceedingly difficult with both R/c arm/hands very weak. He was moved from M1104 to M1106 because that button was not as hard to push but still not ADA accessible cell with standup locker, raised toilet or grab bars.

— 9 —

FOR LEGAL
USE ONLY

a, b. Fear, apprehension, anxiety and other mental and emotional injuries in thinking that life no longer had meaning upon the realistic concept that there may never exist the opportunity to have knees and R/C repair at age 61 and further or ever being able to walk again.

c. Depression and suffering suicidal thoughts experienced during the time in defendants care, custody and control.

d. degradation arising out of indifferent and abusive treatment causing the unnecessary and wanton infliction of pain and punishment.

e. pain and suffering during the weeks, months and years up to and the possibility of receiving surgery and the PT plaintiff is forced to endure.

f. the real possibility and probability that knees, shoulder and back will never rise to the capacity previously attained.

g. decreased ability and even the substantially limited ability to conduct major life activities.

h. the diminished ability to enjoy life.

i. scarring and disfigurement.

j. medical expenses to be incurred in the future.

42 Plaintiff has complied with all provisions where applicable of chapter 768.28 Florida statutes presuit notice of intent to sue that was previously supplied to defendants already served.

43 Doss has also properly and timely exhausted administrative remedies. Defendants have obtained these records and refuse to copy plaintiff.

— 10 —

44 49. These individual defendants who were required to and did take custody of Doss under circumstances to deprive him of his normal opportunities of protection failed in their duties to protect him against an unreasonable risk of harm by;

a. Heller and Nash taking wheelchair and forcing him to ambulate with walker with wheels causing continuous falls on cement due to inability to support himself because of torn R/E,

b. Doss continuously filed grievances for not being referred to ortho or given MRI but all were denied by Nash, Heller, Stine, Lawrence, O'Harvey, McManus, L Bowden representing J. Jones.

45 44. J. Jones knowingly created a policy to deny efficacious medical treatment to those inmates suffering from a SMN like Doss of torn ligaments for non medical reasons such as cost amount to wanton and willful disregard for human rights, safety or property

46 J. Jones created a policy to delay and deny effective treatment for SMN and Heller, Nash, Stine, Lawrence, O'Harvey, McManus, L Bowden enforced that policy.

47. The actions of all defendants required no special medical skill or judgment other than that normally expected of those officials in the regular performance of his/her duties.

1. FDC was grossly negligent

48. FDC, GEO, CCS knew Doss was not timely receiving treatment for his chronic pain of neuropathy or that was receiving treatment

FOR LEGAL
USE ONLY

For his known torn ligaments or other injuries to his knees. They knew Doss had filed multiple grievances regarding his complaints but they purposely and intentionally subverted the grievance procedure thereby failing to investigate these issues based on cost-efficiency.

49. FDC, GEO, CCS continuously denied grievances by telling Doss to utilize sick call procedures knowing full well that it was a revolving process of denial of medical treatment. They would rely on the institutional response and this was particularly egregious considering Doss' medical records revealed clearly and concisely that surgery was urgently needed but still denied.

50. These servants, agents, employees of GEO, CCS and FDC were acting outside the course and scope of their employment. They were each acting in bad faith when stating or agreeing with false statements of subordinates that Doss failed to complete PT and therefore failed to qualify for MRI or referral to ortho. This response showed a malicious intent or a willful and wanton disregard for human rights or safety.

51. As such, each defendant is personally liable to plaintiff for the jurisdictional limits of F.S. 768.28(5)(a).

WHEREFORE, PLAINTIFF, RICHARD DOSS, demands judgment against all defendants jointly, severally, directly and proximately for compensatory damages and all other remedies available under § 768.28.

COUNT II  DELIBERATE INDIFFERENCE for failing to tend to Plaintiffs SMN posing a Substantial risk of serious harm V each individually named Defendant.

51. Plaintiff repeats and realleges the facts stated IN paragraphs numbered 16, 18, 23-40, 43-50

52. This Count is brought against each named defendant whether individually or as a person pursuant to 42 Use 1983, 1988.

53. As owners and/or operators of a prison facility all actions of GEO, CCS, employees, agents as alleged herein were performed under color of state law and in violation of the eighth amendment.

54. As health care providers of DOSS' SMN of bilateral knee injuries, bilateral R/c tears and CNP treatment at a prison facility HELER, NASH, STINE, LAWRENCE, MCMANUS, L. BOWDEN and J. JONES were acting at all times material hereto under color of state law for purposes of 1983 liability.

55. These same defendants IN para. 54 above should have been fully aware of DOSS' medical needs that he had been suffering from since 2014, and still suffering at least (6) six years later.

56. Despite these same defendant's DI in assessing DOSS' conditions, they failed to provide even minimally adequate medical care, or proper medication to treat CNP, or, perform diagnostic tests for bilateral knee and R/c injuries, and for all practical purposes abandoned DOSS to a painful and more serious physical injury by failing to prevent him from falling on cement numerous times even

USE ONLY
FOR LEGAL

after transferring from SBCF because he could not support himself with bilateral ple tears that did exacerbate preexisting conditions his condition by aggravating or doing other serious physical injury to preexisting conditions as noted above,

57. At all times material hereto defendants knew or would have known had they not exhibited DI to Doss SMN that failure to provide medical care would result in substantial risk of serious harm to Doss' future health and safety once put on notice through "request for sick call" or personal or oral complaints to HELLER 4X, AMEDE 2X or through medical nature grievances responded to by NASH, HELLER and never questioned by STINE, LAWRENCE, O'harvey, MCMANUS L. BOWDEN and J. Fones, GEO, CCSpr, FDC,

58. At all times material all defendants were acting in conformity with or result of established customs, policies or practices of GEO, CCS, FDC for the provision of health care to inmates at SBCF. Especially since Doss was at another GEO facility with the same DI to his SMN at Graceville from Wackenhut 4/28/18 to 12/2018 and back 1/21/20 to 3/3/20, and other cases Doss is unable to read on the computer due to the limited time of library access. He can show a history and culture of widespread, longstanding custom of treating its inmates with DI to their SMN. Doss requests limited discovery on this point,

59. The taking of Doss' wheelchair by NASH, HELLER and Never questioned by LAWRENCE, STINE, O'HARVEY, McMANNS, LiBOWDEN or JONES demonstrate that all subordinates acted or enforced GEO, CCS and FDC customs or policies. Doss filed numerous grievances but all were denied.

60. On information and belief GEO, CCS, and FDC DI practices, policies and customs were never question by the Contract Monitor or any representatives of FDC who consistantly allowed and continue to allow inmates like Doss to go untreated as a result of failure to provide sufficient funds and adequate staff to meet the medical needs of Doss and other inmates at SBCF;

61. The DI referred to in para. 60 above tended to pose a substantial risk of serious harm to Doss future health and safety.

62. On an unknown date NASH made the statement to William Lowenthal that "we're barely above budget."

63. Lowenthal suffers from the disease of hepititus "C". HELLER gave him one year to live if he did not receive treatment;

64. On information and belief GEO, CCS' DI policies, practices and customs in affect at SBCF were to intentionally delay access to proper medical care to its inmates in hopes they will transfer or E.O.S. saving thousands in medical cost all to the detriment of prisoners like Doss.

65. As it happened Doss was transferred and (4) Four years later he still suffers from the same torn ligaments or meniscus discovered 12/16/16.

66. Those who develop policies, practices and customs for GEO, CCS and FDC were on notice long before Doss was incarcerated at SBCF (second time) of the deficiencies in medical care as alleged above.

67. Under ESTELLE V GAMBLE and FARMER V. BRENNAN, 511 US 824 (1994), DI has three components; (1) subjective knowledge of the risk of harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence. Based on the aforementioned facts demonstrated it is clear that these defendants conduct has met all three components thus constituting DI to Doss' SMN in violation of his constitutional rights

68. Plaintiff repeats and realleges the facts and law set forth in para. 67 above and further alleges under the objective prong that all defendants DI by leaving Doss' SMN unattended posed a substantial risk of serious harm to Doss' health and safety and did cause harm upon the taking of his wheelchair causing 14 falls at SBCF and (8) eight more at SFRC and Dade CI until his wheelchair was returned. These numerous falls exacerbated the meniscus tear and produced other damage to his left hip and both elbows preventing him from laying or sleeping on left side.

~~WHEREFORE, plaintiff Richard Doss Raymonds judgment and damages of $500,000.00 against all defendants~~

69. Despite their knowledge or due to DI in assessing Doss' conditions, defendants failed to provide even minimally adequate medical care, or, treatment for CNP, or, provide proper diagnostic services for his knees and shoulders and for all practical purposes abandoned Doss to expose the unnecessary and wanton infliction of pain,

-16-

70. NASH, HELLER, GEO, CCS, FDC, O'harvey, Mcmanus, L. Bowden had knowledge of the risk of serious harm when they took Doss' wheelchair or subjectively knew of the taking through grievances but disregarded that risk. NASH would be the one signing impractical responses and stating he was signing for HELLER but NONE of the other defendants questioned Doss complaints or responses by NASH and HELLER.

71. Under the objective component the wrongdoing was harmful enough to establish a constitutional violation of D.I to his SMN in which Doss is still suffering from when defendants acted with a sufficiently culpable state of mind which is continuing to act maliciously and sadistically to cause harm and has caused harm as Doss' injuries have lasted for more than (6) six years.

WHEREFORE, PLAINTIFF, RICHARD DOSS, demands judgment for damages alleged in para. 41 of $5,000,000.00 against all defendants named in this count directly, proximately and jointly and severally because they were and remain responsible for the D.I Doss continues to suffer today. Additionally, Doss requests cost of this suit.

further, that Doss will be seeking punitive damages

17

# COUNT III INTENTIONAL DISCRIMINATION and FAILURES to provide REASONABLE ACCOMMODATION IN VIOLATION OF the ADA/RA V. FDC, GEO, CCS

This claim arises from the FDC, GEO and CCS having intentionally discriminated against DOSS because of his disability. That the DI to his medical care amounts to the exclusion of medical services and this deprivation caused and continues to cause an exclusion from other SPA. The taking of his wheelchair and failures to place him in an ADA accessible cell with grab bars, raised toilet and raised locker violated title II of the ADA, 42 USC 12132 and Section 504 of the Rehabilitation Act, 29 USC § 794.

72. DOSS suffers an impairment of bilateral torn ligaments of his knees and R/C, with left completely torn. Knees have been torn since 4/8/14, and R/C's even longer. The failure to repair any of these torn ligaments for over 5 or 6 years is ridiculous and absurd and has resulted in a disability. In addition, he suffers from CNP, musculoskeletal pain, which the latter two are secondary to falling 65' from beam onto lower deck aboard vessel 1978. DOSS also suffers carpel Tunnel in right writing hand from writing so much.

73. DOSS repeats and realleges facts stated in paragraph above as if fully set forth herein and further states that he is a qualified individual with a disability and that by reason of his disability that he is Intentionally excluded from participation in benefits of PSA provided by FDC, GEO, CCS, including medical services, hygiene, health care appliance of wheelchair, access to various parts of his cell including proper use of toilet facilities.

- 18 -

(fallen 4 times in inaccessible ADA cell when he was unable to push the button because of torn R/c and it being too hard to push and actually fell off the toilet trying to push button), or other parts of his cell for which he was qualified to partici-pate.

74. The discriminatory intent caused Doss to be excluded from conducting or participating in MLA which should have been obvious to a reasonable persons common sense and Doss' verbal or written requests and complaints for same. Because of this discrimina-tory intent Doss was substantially limited to:

a. Sleep. The CNP and musculoskeletal pain mentioned deprived and continues to deprive the MLA to sleep. NASH and HELLER conspired to deny treatment for CNP which amounts to medical indifference. Then STINE, LAWRENCE, O'HARVEY, McManus, L. BOWDEN All joined in the unlawful act or lawful act by unlawful means of using rote responses to deny grievances when they had no medical training or license.

b. Walking, standing, stooping, bending, eating, thinking, con-centrating, caring for himself, performing manual tasks, bathing, general rehabilitation and correctional activities and day to day prison operations. most of which would not have been problematic had Doss' wheelchair not been taken from him.

75. Doss also suffers from a mental disability of depression, mainly because he has had these mTL for over 5½ years with nothing being done. Therefore, his thinking and concentration are problematic unless or until he takes anti depression medication and then chase it with caffeine which makes it better.

76 Defendants refusal to provide reasonable accommodation of wheelchair that was taken for non medical reason of retaliation for filing grievances and going over NASH's head, to classification Hodges and AWS Hamilton to obtain repairs to wheelchair when

- 19 -

NASH refused to provide repairs or better chair. HELLER and NASH were going to show Doss that he could Not get away with complaining by actually relieving him of chair and providing rollater which forced Doss to have to rely on completely and partially torn R/C in order to support himself, which is a requirement in use of rollater.

77. DOSS requested return of wheelchair and filed administrative remedies available to him which defendants showed DI in their responses amounting to I.D. Defendants attorneys have obtained DOSS classification file, specifically, exhausted adm. Remedies but have failed and refused to copy DOSS.

78. This discriminatory intent resulted in refusals to to provide such fundamentals as mobility. Walker caused at least (14) falls on cement before transfer about 10/20/16, four times at SFRC causing Lacerations, Contusions, abrasions from falls on gravel. Four more times at Dade C.I. before ARNP RANKIN ordered him a wheelchair. These falls caused and/or exacerbated injuries to left hip, elbows and MTL.

79. Doss had No clean clothes or any way to get clean ones and no way to wash dirty ones with torn R/c. He was denied access to showers because no hot water. which was so cold in air conditioned dorm and officials refused to call maintenence to repair for at least 3 weeks. The dates should be excluded in exhausted administrative remedies maintained by defendants and their attorneys.

80. As a result of this indisputable background and facts previously stated, Doss a disabled prisoner was forced to the Infliction of pain totally without penological justification and infliction of punishment disproportionate to the severity of the offense.

-20-

81. THE discriminatory intent displayed by all defendants Under §504 of the RA is demonstrated by the fact that all defendants were required to know that harm to a federally protected right was substantially likely to occur if they did not act on it yet, they failed to act on it when it was open, obvious and apparent to reasonable people. It took a Class action ADA lawsuit to open their eyes yet, they still ignore what is right in front of them.

82. It cannot be refuted that any of these individual defendants have ever received any formal training concerning the Common Sense issues of the ADA/RA.

83. Defendants had knowledge through grievances, appeals and denials by ones appointed to monitor such issues but, they deliberately and intentionally ignored complaints concerning needed assistance under the acts

84. The FDC, GEO, CCS by and through individual defendants its servants, agents and employees intentionally discriminated against Doss when they had sufficient knowledge or notice of discriminatory conduct by the taking of his chair and forcing him to have to maneuver and ambulate with a walker that obviously was unsafe transportation.

85. Defendants were or should have been fully aware of Doss' limitations of MLA when Dr. Wetterer described in Doss' ~~XXXXXXXX~~ medical file how he had fallen numerous times with a cain and then him prescribing a wheelchair which caused transfer from charlotte C.I. to SBCF because charlotte was not wheelchair compatable but SBCF was.



-21-

86 The mistreatment and violations of ADA/RA was the product of the State, FDC, GEO, CCS customs and practices of DI to inmates disability related Needs of which the policymakers were aware of this pattern but failed and refused to correct it.

87. Doss suffered and continues to suffer and will continue the same until defendants decide to get off their duff and repair his MTL. He has suffered considerable pain and inconvenience for a Number of years and will for a Number of remaining years without unusual difficulty pain and further dangerousness.

88. These adverse consequences were proximately cause by FDC, GEO, CCS, HELLER, NASH, AMEDE, STINE, LAWRENCE, O'HARVEY, McMANUS and L. BOWDEN, and the damages set forth in paragraph 30 above that was proximately cause by defendants breach of a legal duty.

89. Despite having the opportunity to correct these deficiencies, FDC, GEO, CCS had in place either an explicit or implicit policy of allowing its subordinates (individual defendants) to intentionally discriminate against disabled prisoners in need of medical services and modifications or accommodations such as Doss.

90. The entity defendants recieve federal financial assistance.

91. Doss has exhausted administrative remedies but they are held by FDC in a file maintained by classification since 2014.



WHEREFORE, Plaintiff, Richard Scott Doss, demands Nominal, Compensatory and Punitive damages where applicable and costs, cost of this suit ~~and~~ within the jurisdictional limits of the ADA/RA.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that Copy hereof was provided to Prison officials for mailing to defendants attorneys at 340 Columbia Dr. ste 111, WPB, Fl 33409 and 515 E. las olis Blvd., ste 600 Sentrust Bank, Ft. L'dale Fl 33301 this 20th day of May 2020.

Richard Doss, 921133
SARCI, 5850 E milton Rd
Milton, Fla, 32583-7914

— 23 —

Richard Dobss, 921633
Santa Rosa Correctional
Institution, Annex
5850 E. milton Rd
Milton, Fl. 32583-7914

U.S. POSTAGE >> PITNEY BOWES
ZIP 32583
02 4W
0000368416 MAY 20 2020
$ 000.50⁰

U.S. POSTAGE >> PITNEY BOWES
ZIP 32583
02 4W
0000368416 MAY 20 2020
$ 000.40⁰

Gregory Kummerlen
Attny at law
340 Columbia Dr.
Ste III
WPB, FL 33409

33409-197536

FOR LEGAL
USE ONLY

*9 Def*

# IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
# IN AND FOR PALM BEACH COUNTY, FLORIDA

RICHARD DOSS,
     *Plaintiff,*
V.

THE GEO GROUP;
FLORIDA DEP'T. OF CORRECTIONS;
CORRECTIONAL CARE SOLUTIONS;
WARDEN, STINE;
ASSISTANT WARDEN, LAWRENCE;
DOCTOR JULES HELLER M.D.
JONATHAN NASH, HEALTH SVCS. ADMIN.;
NURSE AMEDE, ARNP;
JOHN/JANE DOE, EXECUTIVE MEDICAL DIRECTOR,
TALLAHASSEE, FLORIDA,
*Individually And In*
*Their Official Capacities,*
     *Defendant(S).*

CASE NO. 50 - 2018 - CA00
3525XXX MB
DIVISION AG

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RICHARD DOSS, sues the above named defendants and alleges:

1.    This is an action for medical malpractice, Negligence under the "Florida Tort Claims Act", civil rights deprivation arising out of defendant's deliberate indifference "DI" to his serious medical needs "SMN" in their failure to examine, diagnose, and treat plaintiffs multiple torn ligaments "MTL" and documented chronic peripheral neuropathy pain while incarcerated, and violation of the Americans with Disability Act "ADA", Rehabilitation Act of 1973 "RA" by reason of intentional discrimination "ID." For defendants not personally responsible for plaintiff receiving inadequate medical care they did conspire with those personally responsible for professional's lack of medical care.

responsible for plaintiff receiving inadequate medical care they did conspire with those personally responsible for professional's lack of medical care.

## PARTIES

2.    Plaintiff, RICHARD DOSS, (hereinafter "DOSS") at all times material to this action was a resident of Palm Beach County and was incarcerated by the State of Florida (hereinafter "State") and housed at South Bay Correctional Facility (hereinafter "SBCF").

3.    Defendant The Geo Group ("GEO") a Florida Corporation and entity of the State and/or instrumentality is a private correctional corporation and in the business of housing prisoners with responsibility for their health care needs. Geo owned and operated SBCF in South Bay Florida.

4.    Defendant Correctional Care Solutions "CCS", a Florida Corporation was at all times material to this action, contracted with GEO to provide health care to inmates at SBCF.

5.    Defendant Dr. Heller "Heller" was at all times material to this action the medical director and licensed physician to practice medicine in the state of Florida. He was charged with the responsibility for providing appropriate/adequate health care to plaintiff and others incarcerated within SBCF.

6.    Defendant Jonathan Nash "Nash" was the health services administrator at SBCF and at all times material hereto was charged with administering adequate health care to inmates at SBCF.

7.    The Florida Dep't. of Corrections (FDOC) at all times material hereto was responsible for ensuring that all inmates received adequate health care pursuant to the ADA/RA and further responsible for ensuring that disabled and qualified prisoners were not intentionally discriminated against by reason of their disability and prevented from receiving benefits of services, programs or activities "SPA".

8.     Defendant ARNP Amede "Amede" at all time's material hereto is licensed to practice medicine in the state and responsible for providing adequate health care and services to the plaintiff.

9.     Defendant Warden, STINE "STINE" was the warden at SBCF and responsible for the overall operations including the proper management of appropriate and adequate SPA to inmates and ensuring DOSS received intended beneficiary of federal assistance provided and was not treated differently than similar situated disabled and non disabled prisoners.

10.     Assistant Warden of programs, LAWRENCE "LAWRENCE" at all times material hereto was responsible for ensuring that all disabled inmates within meaning of ADA/RA were not discriminated against or prevented from benefiting from SPA of GEO at SBCF.

## FACTUAL ALLEGATIONS

11.     On July 31, 2014 DOSS was sentenced to 78 months by the State to the Florida Department of Corrections "FDOC".

12.     He was transferred to five different institutions before arriving at SBCF, a privately operated and owned facility on 10/28/15.

13.     About 11/15/15, DOSS began filing medical nature grievances "MNG" and violation of ADA/RA because all defendants were continuously abandoning his needed health care concerning his MTL that substantially limited his major life activity "MLA" to walk, stand, caring for his self, performing manual tasks, eating, sleeping, lifting, and bending, practically anything except sitting and writing.

14.     GEO contracted with CCS for medical services to provide health care to inmate at SBCF.

15.     Heller, Nash, Amede, GEO, CCS, and the State continuously denied DOSS' request for ortho consult for his obvious MTL.

16.     Heller and Amede failed to properly examine, diagnose, or treat DOSS MTL.

17.     Heller, Nash, Amede, GEO, CCS, STINE, and LAWRENCE, at all times relevant hereto continue to combine, conspire, confederate and agree to deny DOSS any medical treatment and were DI to his SMN.

18.     Heller, Nash, and STINE intentionally discriminated against DOSS and/or used bad faith when responding to grievances by making statements that he does not "qualify" for ortho consult or that he does not meet the "criteria" for MRI, even though Heller never laid a hand on DOSS or ever turned around to look at him during any appointment (4 appointments).

19.     From 10/28/15 until 8/31/16, which is the date DOSS saw Dr. Sams, ortho, who ordered MRI of Left shoulder and Left knee, DOSS received negligent, gross negligent or DI medical attention while incarcerated at SBCF, including the following:

a.     Repeated failures to examine, diagnose and treatment to repair MTL.

b.     Repeated failures to provide adequate and proper treatment for chronic peripheral neuropathy pain by prescribing neurontin. They deliberately and intentionally denied him proper treatment for Neuropathic Pain.

c.     Repeated failures and refusal to provide access to qualified and competent physicians

d.     Falsely recording, mis-recording and misreporting resulting in the course of treatment or refusal of treatment.

20.     The medical care provided by defendants, and those conspiring with them, fell below the generally accepted standard of care in the medical community.

21.     It took from 10/28/15 to 8/10/16 the date he finally saw ARNP Barosey, for CCS employees to misdiagnose and refuse to examine DOSS' obvious disability and need for qualified medical care caused by such failures.

22.     On 2/5/16, DOSS was forced to exchange his wheelchair for walker with wheels by NASH, HELLER, STINE, GEO, CCS, LAWRENCE and the State who all conspired to deprive DOSS of his 1st, 5th, 8th, and 14th amendment rights.

23.     The taking of DOSS' wheelchair and forcing him to rely on fully and partially torn rotator cuffs in order to support himself with walker caused him to suffer the unnecessary and wanton infliction of pain while walking with walker and falling on cement floor multiple times

24.     The taking of DOSS' wheelchair was perfected for non medical reason(s) as to the following adverse action.

a.     Placing an unconstitutional chill on his first amendment right to redress the government through grievances when his speech was constitutionally protected.

b.     On 2/2/16 DOSS requested reasonable accommodations of repairs to handle grips, elbow rests or newer wheelchair, an aide to be moved into his cell to help with manual tasks of making his bed, cleaning cell, toilet sink and to push wheelchair.

c.     Requests were sent to classification Hodges, AWS Hamilton who each responded on 2/4/16, that they had spoken to Nash who stated he would be "responding momentarily" or "conducting a review".

d.     That after responses from Hodges and Hamilton, NASH summoned DOSS to medical and personally conducted exchange for walker

25.     Paragraph 24 demonstrates that retaliatory punishment is casually related to the filing of grievances against Heller, Nash, and agreed to by STINE,

LAWRENCE, O'Harvey, L. Bowden, McManus, FDOC, Julie Jones, and the State.

26.    Although the following inmates can and do get out of their wheelchairs, stand and/or walk, they never had theirs exchanged for a walker to allegedly improve mobility. This shows that DOSS' treatment was different than similar situated disabled inmates.

a.    Bob works in general library, parks wheelchair and walks around alone. He advised DOSS that if he used his name and situation "there's gonna be a problem".

b.    Badger, a black guy, states he needs a brace for back, leg or neck

c.    Franco Webb – says Nash tried to take his wheelchair but he refused, has no ankles due to car accident.

d.    Castleberry – Took him 3 years to have hip surgery, has wheelchair, walker, and a cane.

e.    Wade – States he broke heel 12/13. Was healed 7-8 months later. Does not need wheelchair, but uses it as a crutch to get certain advantages i.e.; handicap cell.

f.    Joe Pedraro – 78 years old gets out and trains boxing.

g.    Tall slim white guy pushes wheelchair everywhere cancer.

h.    McCoy – States he cannot get medical to give him a brace so he can get out of wheelchair.

27.    ARNP Barosey referred DOSS to ortho Dr. Sams ordered MRI but it probably will be prolonged because of transfer. This referral and report constitutes sufficient evidence of medical negligence and DI to SMN

28.    The negligent, grossly negligent and/or deliberately indifferent medical treatment provided to DOSS is further described in report of ortho, Dr. Sams. This report must be obtained on discovery.

29.    As a direct and proximate result of Heller, Nash, and Amede's acts or failures to act as described in this complaint, DOSS was caused to suffer the following damages.

a.    Severe physical pain and suffering for an extended period of time causing aggravation of conditions they failed to diagnose when DOSS was brought to Heller on four different occasions and Amede twice where DOSS subsequently fell fourteen times and four different times in non ADA/RA confinement cells. Specifically, M2106 (no grab bars) fell once; M3106 fell twice within ten minutes; M4104 fell off toilet aggravating injury to left hip and right elbow about one hour before installing grab bar, fell trying to push button to flush toilet. Moved from M1104 to 3106 because the button was hard to push with a completely torn left rotator cuff and a partially torn right rotator cuff.

b.    Fear, apprehension, anxiety, and other mental and emotional injuries and suffering experienced during the period of time in the defendants care and custody.

c.    Depression and suffering of suicidal thoughts in thinking that life no longer has meaning upon the concept that there may never exist the opportunity to have MTL repaired at age 60

d.    Degradation arising out of indifferent and abusive treatment and violation of civil rights guaranteed by the eighth and fourteenth amendment

e.    Pain and suffering during the weeks and months following the possibility or surgery and physical therapy plaintiff is forced to go through

f.    The real possibility that knees, shoulders, and back will never rise to the capacity previously obtained

g.    Decreased ability and even substantially limited ability to walk, run, exercise, caring for himself, eating, lifting, bending, and standing, bathing and urinating (must sit to pee).

h.      Scarring and disfigurement

i.      Continuing pain and suffering and mental and emotional anguish, anxiety, depression as well as other suffering and diminished ability to enjoy life

j.      Medical expenses to be incurred in the future

30.     Plaintiff has complied with all provisions of chapter 766 and 768.28 of the Florida Statutes. A copy of the statutory notice of claim is attached hereto Exh. Pre suit investigation was conducted through grievance complaints and their bad faith and intentional discriminatory admission in responses by Heller, Nash, LAWRENCE, STINE, O'Harvey, McManus and L. Bowden.

## COUNT 1
### MEDICAL MALPRACTICE V GEO, CCS, HELLER, NASH, AMEDE, EXECUTIVE MEDICAL DIRECTOR AND STATE OF FLORIDA

31.     Plaintiff repeats and re-alleges paragraphs 1-30 as if fully set forth herein

32.     This medical malpractice action is brought pursuant to Florida Statute 766 and all additional applicable statutory provisions.

33.     At all times material hereto the defendants as on site physicians or nurse practitioners and GEO and CCS as healthcare and medical providers owed DOSS a duty to ensure that his medical needs were competently met according to standards of the medical profession in the community.

34.     GEO, CCS, John/Jane Doe, Executive Medical director and the State at all times material hereto owed DOSS a duty to ensure its personnel were able to provide adequate medical care and that sufficient quality and quantity of its employees were present to provide that care.

35.     The same defendants in paragraph 35 above are repeated and re-alleged as if fully set-forth herein and further state these defendants breached their

duties to DOSS by committing some or all of the acts alleged in paragraph 30 above *INcluding but Not limited to HELLER and Nash.*

36.     These same defendants in paragraph 35 above breached their duty to DOSS by failing to provide adequate and competent supervision to meet the medical needs of DOSS.

37.     The servants, agents and employees of GEO, CCS, HELLER, NASH, STINE, LAWRENCE, and the State. Were at all times material to this action acting within the course and scope of their employment. As such, they are vicariously liable.

38.     All defendants as medical personnel's negligence, jointly and severally, directly and proximately caused the damages alleged above in paragraph 30

39.     As to these same defendants alleged in paragraph 37, above, there is no genuine bona fide defense and therefore, if these defendants attempt to defend against liability, DOSS should be awarded attorneys fee and cost in addition to his pain and suffering as a *Pro Se* litigant while sitting on his bunk with excruciating pain to his back and chronic peripheral neuropathy pain treatment he was denied because GEO and CCS refused to provide Neurontin and failed to replace it with comparable treatment medication. This was all caused through discriminatory intent in forcing DOSS to have to defend himself by completing at least four rough drafts before ever completing for typeset and refusing to settle these claims without trial. DOSS must therefore establish liability pursuant to Fla Stat. 57.105.

**WHEREFORE**, the Plaintiff RICHARD DOSS demands judgment against GEO, CCS, John/Jane Doe Executive Medical Director, FDOC, the STATE, Heller, Nash, and Amede in this matter for compensatory damages in the amount of $250,000.00, and medical relief for his multiple torn ligaments, back pain and

chronic peripheral neuropathy pain treatment for life and all available remedies under 768.28.

## COUNT II
## NEGLIGENCE V. GEO, CCS

40.     Plaintiff repeats and re-alleges paragraph 1~39 as if fully set forth ~~xxx fxxxx~~ herein.

41.     At all times relevant hereto GEO owned and operated SBCF and as operator of the facility, owed DOSS a non delegable duty to ensure that the medical needs of DOSS and other inmates were properly met.

42.     GEO, at all times material hereto owed DOSS the duty to ensure that the health care personnel employed at the facility met DOSS' medical needs and were capable to provide competent medical care by:

a.     Failing to sufficiently supervise CCS and its medical personnel to ensure that CCS had adequate medical staff at SBCF

b.     Failing to sufficiently supervise and ensure that CCS medical staff did communicate to GEO and CCS the severity of DOSS' symptoms as they observed them, or should have observed them more closely.

c.     Interfering with DOSS' medical attention by preventing his requested referral to ortho specialist for MTL and adequate treatment for chronic peripheral neuropathy pain from reaching proper medical staff, specifically ARNP Barosey who is the health care provider who finally began the proper procedure of referral to ortho.

d.     DOSS had a previous appointment to see Barosey about 2/5/16 but someone interfered with DOSS' receipt of callout and/or failed and refused to

summon DOSS from his assigned class, just like Nash did on 2/5/16, when exchanging wheelchair for walker.

    e.    Failing to report and respond curatively to CCS obvious failures in the assessment and treatment of DOSS' condition.

    43.    The servants, agents, and employees of GEO and CCS were at all times material to this action, acting within the course and scope of their employment. As such, GEO and CCS are liable for their actions pursuant to Fla Stat § 768.28.

    44.    GEO and CCS' negligence along with Heller, Nash, Amede, STINE, and LAWRENCE jointly, severally and directly caused damages as alleged above.

    **WHEREFORE**, Plaintiff RICHARD DOSS hereby demands damages against defendants GEO and CCS jointly and severally and proximately with other named defendants for compensatory damages of $250,000.00 and all other remedies available under § 768.28.

## COUNT III
### DELIBERATE INDIFFERENCE V ALL DEFENDANTS PURSUANT TO 42 U.S.C. § 1983, 1988

    45.    Plaintiff repeats and re-alleges paragraph 1 *44* as if fully set forth herein.

    46.    This count is brought against all defendants whether individually or in their official capacity pursuant to 42 USC § 1983.

    47.    As operator of a prison facility all actions of GEO employees and agents as alleged herein were performed under color of law and in violation of DOSS' eighth amendment rights.

    48.    As health care providers and of medical attention at a prison facility, Heller, Nash, STINE, employees, agents of CCS and CCS itself as a contractor of GEO and other political subdivision were acting at all times hereto under color of law for purposes of § 1983 liability.

49. It is well settled that the DI to the SMN of a prisoner constitutes the unnecessary and wanton infliction of pain prescribed by the eighth amendment, *Estelle v. Gable*, 429 US 97, 104 S. CT. 285 L. Ed. 2d 151 (1976).

50. Defendant's Heller and other employees and agents of defendant's GEO and CCS and the State were or should have been fully aware of DOSS' need for medical treatment.

51. Despite their knowledge, or due to other DI in assessing plaintiffs conditions, defendant's failed to provide even minimally adequate medical care, failed to provide DOSS with adequate and proper medication to treat chronic peripheral neuropathy pain, failed to diagnose plaintiffs medical condition and for all practical purposes abandoned DOSS to a painful and more serious physical injury by preventing him to fall on cement floor and/or becoming entangled with walker with wheels because of inability to catch himself due to bilateral r/c tears, and bilateral ACL tears that in fact did exacerbate his condition by aggravating or reinjuring or doing other serious physical injury to preexisting injuries as noted above.

52. At the time of drafting this complaint DOSS had fallen on cement floor at least fourteen times and still counting since 2/5/16, the date his wheelchair was taken. He has reinjured or aggravated left hip, right elbow and exacerbated pre existing injuries of MTL. Three times at SFRC on 10/24/16.

53. At all times material hereto, defendants knew or would have known had they not exhibited DI to his medical treatment and assessment that failure to provide medical care would result in substantial risk of serious physical injury and/or to DOSS' life to preclude timely and effective medical care once put on notice by "request for sick call" or, personal oral complaints or, through grievances but ignored.

54.    The medical services provided to DOSS by defendants was so grossly substandard, incompetent and/or inadequate as to be fairly characterized as medical care so cursory as to amount to no medical care at all.

55.    At all times material hereto, the defendants were acting in conformity with or as a result of established policies, practices and customs of defendant GEO and CCS for the provision of health care to inmates at SBCF.

56.    Defendant's failures as alleged above, are all attributable to deliberately indifferent policies, practices, procedures and customs of the defendants

57.    On information and belief GEO and CCS' deliberately indifferent policies, practices, procedures, and customs result from their failure to provide sufficient funds and adequate staff to meet the medical needs of inmates at SBCF.

58.    On an unknown date, Nash made the statement to William Lowenthal, "we're barely above our budget."

59.    On information and belief GEO and CCS deliberately indifferent policies, practices, procedures and customs allowed its inmates to go untreated as the result of failure to establish an administrative system that would track and recognize when an inmate is required prompt medical attention.

60.    William Lowenthal suffers from hepatitis C; Heller gave him one year to live if he did not receive treatment. Yet, Heller and Nash would rather let him die than to give him required treatment because it was too expensive.

61.    On information and belief GEO and CCS DI policies, practices, procedures and customs in effect at the facility, at all times material to this action, was to intentionally delay access to proper medical care to its inmates in hopes that they would transfer or EOS and therefore save thousands of dollars in medical costs all to the detriment of inmates such as the plaintiff's MTL that would amount

to $40,000.00 to $60,000.00. Interalia, delayed the examination, diagnosis and treatment.

62.    On information and belief, the policy, practice, procedure and customs stated in paragraph 61 above has caused the death of at least one inmate (May, June 2016) and possibly more inmates at SBCF.

63.    Plaintiff repeats and re-alleges the allegations demonstrated in paragraph 61 above, and further states the because of these customs that ARNP Sandy resigned because he did not want to be implicated or blamed for the intentional acts for the purpose of saving money.

64.    Permitting life threatening conditions in addition to allowing conditions likely to cause serious physical injury or a direct threat to plaintiff and other inmate's health for non medical reasons is a pervasive practice which is intentional and DI to their SMN.

65.    Defendants GEO and CCS are responsible for the polices, practices, and procedures which govern the provision of medical care at SBCF

66.    Those who make policies, practice, procedures and customs for defendants GEO and CCS were on notice long before DOSS was incarcerated at SBCF (for the second time) of the deficiencies in the provision of medical care as alleged above.

67.    Under Estelle and *Farmer v. Brennon*, 511 US 824 (1994), Deliberate Indifference has three components: (1) subjective knowledge of the risk of harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence, based on the aforementioned facts demonstrated, it is clear that these defendants conduct in this case has met all three components, thus constituting Deliberate Indifference to plaintiff's serious medical needs in violation of his constitutional rights.

68.    Plaintiff repeats and re-alleges the facts stated and the law set forth in paragraph 67 above and further alleges under the objective component that

although no tragic event occurred other than causing additional, potentially serious injury to left hip and right elbow and exacerbating preexisting multiple torn ligaments, the facts demonstrated in this complaint show a condition(s) that is extreme and possess an unreasonable risk of serious damage to future health or safety and deprives him of the minimal civilized measure of life's necessities, or a condition that a risk that today's society chooses not to tolerate.

69.     Defendant's deliberate indifference directly, proximately and jointly and severally caused plaintiff's damages as alleged above in paragraph 30

70.     Plaintiff DOSS demands damages of $250,000.00 against all defendants named in this count directly, proximately and jointly and severally for causing damages alleged in paragraph 30. DOSS also seeks punitive damages.

## COUNT IV
## INTENTIONAL DISCRIMINATION AND FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF *ADA/RA V. FDOC, GEO, CCS*

This claim arises from the FDOC, GEO, and CCS intentionally discriminating against DOSS because of his disability. That the denial of medical care amounts to the exclusion from medical services and this deprivation cause an exclusion from other services, programs or activities. The taking of his wheelchair violated Title II of the ADA, 42 USC 12132 and Section 504 of the RA, 29 USC §794.

71.     DOSS suffers a disability of bilateral torn ligaments in knees and shoulders, chronic peripheral neuropathy and musculoskeletal pain secondary to falling 65' from beam onto lower deck aboard vessel in 1978.

72.     DOSS repeats and re-alleges paragraph 71 above as if fully set forth herein and further states he is a qualified individual with a disability and that by reason of his disability, he is intentionally excluded from participation in benefits of

PSA provided by the FDOC, GEO and CCS, including medical services, hygiene, access to various parts of his cell including proper use of toilet facilities (fallen four times in now ADA accessible cells when he could not push the button to flush the toilet because it was too hard to push, no grab bars and fell off toilet trying to push button) or other parts of the facility from which he was qualified to participate.

73.    The discriminatory intent caused DOSS to be excluded from participating in major life activities that have substantially limited his abilities to:

a.    Sleep – the neuropathic and musculoskeletal pain previously described above deprived DOSS of the MLA of sleep.  The above named defendants, together with HELLER and NASH, who conspired to deny treatment for neuropathy, amounted to medical indifference.

b.    Walking, standing, stooping, bending, eating, thinking, concentrating, caring for himself, hygiene, bathing, performing manual tasks, general rehabilitative and correctional activities and day to day prison operations.

74.    Defendant's refusal to provide reasonable accommodation of wheelchair that was taken for non-medical reasons forcing DOSS to have to rely on completely and maybe partially torn R/C and torn knee ligaments amounted to refusal to provide needed accommodations where his disability resulting limitations and necessary reasonable accommodations were or should have been open, obvious and apparent.  It also resulted in refusal to provide such fundamentals as mobility (walker cause at least fourteen falls on cement floor causing serious injury to left hip, both elbows and exacerbation of MTL, medical care and from 8/12/16 to 10/28/16, DOSS had no clean clothes or a way to get clean ones and no way to wash dirty ones.  He was denied access to showers because the water was so cold in an air conditioned dorm and officials refused to call maintenance to repair it for at least three weeks.

75.   As a result of the facts stated above, DOSS as a disabled prisoner was forced to suffer serious punishment without penalogical justification.

76.   The discriminatory intent displayed by all defendants under § 504 of the RA is demonstrated by the fact defendants knew that harm to a federally protected right was substantially likely and they failed to act on that likelihood.

77.   Defendants had knowledge through grievances and appeals and denials by ones appointed to monitor such issues but they intentionally and deliberately ignored needed assistance under the acts.

78.   The FDOC, GEO and CCS, by and through its servants, agents and employees, intentionally discriminated against DOSS when they had sufficient knowledge or notice of discriminatory conduct by the taking of his wheelchair and providing a walker that amount to unsafe transportation.

79.   Defendants were aware of DOSS' disability and need for accommodations upon his transfer to SBCF on 10/28/15, and then the taking of his wheelchair and resultant injuries there from.  The needs for necessary reasonable accommodations were open, obvious and apparent.

80.   DOSS suffered considerable inconvenience making him unable to conduct MLA without unusual difficulty, pain and dangerous on a daily basis making the conditions unsuitable for a handicapped individual.

81.   The adverse consequences were proximately caused by HELLER, NASH, STINE, LAWRENCE, CCS and GEO.

82.   These same defendants mentioned in paragraph 81 above failed to exercise reasonable care to provide suitable quarters for DOSS as a disabled or handicapped prisoner.

83.   DOSS suffered damages set forth in paragraph 30 above that was proximately cause by the defendants' breach of a legal duty.

**WHEREFORE**, Plaintiff demands judgment against all defendants for compensatory damages within the jurisdictional limits of this court jointly, severally and directly and proximately and any other remedies available under 42 USC 1983, and the ADA/RA.

## WARDEN STINE, AWP LAWRENCE INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES

84. After DOSS' wheelchair was taken from him and he was issued a walker with wheels under the guise of "to improve mobility," after only one hour had already fallen against the wall exiting his cell. This caused him to have a black eye for 2 weeks and DOSS and subsequently fell 14 times from 2-5-15 to 10-28-16. As such, STINE was on actual and constructive notice.

85. STINE either knew about DOSS' denial of medical care or he should have known since he signed all of DOSS' grievances and actually spoke with him at least once a week.

86. Even though the taking of DOSS' wheelchair was procured by HELLER and NASH and it was always agreed to by STINE, E. O'HARVEY, McMANUS and L. BOWDEN. (hereinafter "grievance defendants")

87. Despite DOSS' medical records traveling with him from Charlotte and Dr. Wetterers' detailing his need for a wheelchair that DOSS had fallen numerous times within 4 months after issuance of a cane by Dr. BARRIOS, these grievance defendants conspired to violate his federally protected rights of ADA/RA violations and Eighth Amendment Prohibition against cruel and unusual punishment where he was forced to ambulate with a rolling walker at SBCF and further at Dade until he saw ARNP Rankin and not BARRIOS. As a result:

      a.    DOSS was unable to access certain PSA of GEO and CCS.

b.     DOSS was unable to access MLA that was of central importance to his everyday prison life for over 2 years and counting.

c.     DOSS' request for reasonable accommodation of a trained inmate impaired aide to be moved into his cell and the taking of his wheelchair amounted to engaging in protected activity for purposes of retaliation claim. It also amounted to the adverse consequences of falling 14 times at SBFC and eight more until his wheelchair was returned.

88.     Despite having the opportunity to correct these deficiencies, GEO, CCS, LAWRENCE, STINE and FDOC had in place either an explicit *or implicit* policy of allowing its subordinates, employees or agents to intentionally discriminate against disabled/handicapped prisoners' (medical services and modifications/accommodations) needed such as DOSS.

89.     GEO, CCS and FDOC actions were pursuant to municipal policy of causing physical punishment for complaining in the form of a trained impaired aide and a better wheelchair or repairs to existing one.

90.     GEO and CCS' actions by and through its employees STINE, HELLER, NASH, LAWRENCE and AMEDE maintained an official policy or custom for which they had actual or constructive knowledge of being intentionally and DI as to its known or obvious consequences.

91.     The violation of a federally protected right is that policy or custom that would delay or refuse medical care for MTL amounts to punishment without penal justification.

92.     GEO and CCS .by and through its employees listed above were put on notice both verbally and in writing, yet DOSS was ignored or provided responses in bad faith by the grievance defendants. These responses rationalized the taking of his wheelchair and denial of medical care that it was to improve mobility or "did not meet the criteria" for referral or "did not complete physical therapy. Yet DOSS

completed PT which was the reason why nurse practitioner Barosey referred DOSS to orthopedic specialist.

93.    GEO and CCS were even put on notice by filing notice of intent to sue and intent to initiate litigation provided to these defendants and GEO in Boca Raton, Fla.  Therefore, they lacked any reason not to know that its responses or lack thereof created an obvious and substantial risk of reoccurring abuse and injury.

94.    GEO and CCS had a policy and custom of inadequate or negligent hiring, retention, supervision and training.

95.    On information and belief none of GEO and CCS employees have received any type of training on how to treat disabled and handicapped prisoners under the ADA based on <u>common sense</u>.  Therefore, GEO, CCS, and the FDOC maintained a custom or policy of neglecting to train its agents, servants or employees in the proper <u>common sense</u> approach in how to assist and treat IWD.

96.    ON 8/29/17, DOSS received surgery to repair completely torn left R/C and bicep tendon that had been exacerbated by falls but it was re-torn by an officer 45 days later.

97.    GEO, CCS and the FDOC receives Federal Financial Assistance.

98.    DOSS exhausted administrative remedies.   The administrative remedies exhausted are held by FDOC in a file maintained by Classification.

**WHEREFORE,** Plaintiff Richard DOSS demands judgment against all defendants, jointly and severally and directly and approximately for compensatory damages and all other remedies available under ADA and RA.

Plaintiff further demands jury trial on all issues so try able and punitive damages.

Richard Doss, 921633

Filed 3/16/18

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.    50-2018-CA-003525-XXXX-MB
DIVISION:   AG: Circuit Civil Central - AG (Civil)

RICHARD DOSS,

　　　　　　Plaintiff(s)

-vs-                                                                    SUMMONS

GEO GROUP,

　　　　　　Defendant(s)

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this
action on defendant:

**GEO GROUP**
One Park Place
621 N.W. 53rd street - Boca Raton, FL. 33401
Each defendant is required to serve written defenses to the complaint or petition on:

Plaintiff's , whose address is:
**RICHARD DOSS #921633**
c/o GRACEVILLE CORRECTIONAL FACILITY
5168 EZELL RD.
Graceville, FL  32440

within 20 days after service of this summons on that defendant, exclusive of the date of service, and to
file the original of the defenses with the clerk of this court either before service on plaintiff's attorney
or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant
for the relief demanded in the complaint or petition.

DATED on:  **Sep 14 2018**

Sharon R. Bock
Clerk & Comptroller

By:

**JOSIE LUCCE**

SERVED _____ 11:30 A M On 9/13 20 18
OFFICE OF SHERIFF PALM BEACH COUNTY FL

DEPUTY SHERIFF                                    I.D. NO.



IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50-2018-CA-003525-XXXX-MB
DIVISION: AG: Circuit Civil Central - AG (Civil)

RICHARD DOSS,

        Plaintiff(s)

-vs-
                                         SUMMONS
                                   PERSONAL SERVICE
GEO GROUP,                          ON A NATURAL PERSON

        Defendant(s)

TO          WARDEN, STINE
             South Bay Correctional Facility  (Last Known)
             600 U.S. Hwy South
             South Bay, Fla. 33493-2233

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and copy of the
complaint/petition in this lawsuit on the above named defendant.

IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a
written response to the attached complaint/petition with the Clerk of this Court.  A phone call will not protect you.
Your written response, including the case umber given above and the names of the parties, must be filed if you want
the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your
wages, money and property may thereafter be taken without further warning from the court.  There are other legal
requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an
attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you
must also mail or take a copy of your written response to the >Plaintiff/Plaintiff's Attorney, named below.

                 RICHARD DOSS              DC# 921633 GRACEVILLE
                                        CORRECTIONAL FACILITY 5168
                                        EZELL RD.
                                        Graceville, FL   32440

(Plaintiff/Plaintiff's Attorney)

DATED ON:  Sep 17 2018



                             Sharon R. Bock
                               Clerk & Comptroller

                               By:

                               JOSIE LUCCE

FILED: PALM BEACH COUNTY, FL SHARON R. BOCK, CLERK 9/17/2018 11:47:19 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50-2018-CA-003525-XXXX-MB
DIVISION: AG: Circuit Civil Central - AG (Civil)

RICHARD DOSS,

        Plaintiff(s)

-vs-

                                             SUMMONS
                              PERSONAL SERVICE
GEO GROUP,                     ON A NATURAL PERSON

        Defendant(s)

TO          **ASSISTANT WARDEN, LAWRENCE**
               South BAY C.I,
               600 US HWY 27 South
               South BAy Fl. 33493-2233

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and copy of the
complaint/petition in this lawsuit on the above named defendant.

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a
written response to the attached complaint/petition with the Clerk of this Court. A phone call will not protect you.
Your written response, including the case umber given above and the names of the parties, must be filed if you want
the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your
wages, money and property may thereafter be taken without further warning from the court. There are other legal
requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an
attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you
must also mail or take a copy of your written response to the >Plaintiff/Plaintiff's Attorney, named below.

                            RICHARD DOSS               DC# 921633 GRACEVILLE
                                                           CORRECTIONAL FACILITY 5168
                                                           EZELL RD.
                                                        Graceville, FL   32440

(Plaintiff/Plaintiff's Attorney)

DATED ON: **Sep 14 2018**

                                      Sharon R. Bock
                                      Clerk & Comptroller

                                      By:

                                      **JOSIE LUCCE**